Dear Mr. White:
I am in receipt of your request for an Attorney General's opinion concerning employees donating annual and/or sick leave. Specifically, you ask the following:
 1) Whether it is permissible, under state law, for a Teaching, Professional or Administrative unclassified employee to transfer sick and/or annual leave to another employee by donation in accordance with the Civil Code of Louisiana?
 2) Whether the donation of leave sick and/or annual, is contingent upon illness, emergency or planned vacation by the donor or donee?
 3) Whether a retiree, former University employee, can transfer by donation any unused sick and/or annual leave that was not used in the calculation of his retirement benefits to a current employee?
 4) If the donation of annual and/or sick leave is permissible, is it mandatory that a policy be issued prior to a donation being executed?
 5) If the donation of annual and/or sick leave is permissible, is it mandatory that a policy be issued prior to a donation being implemented?
In response to your first question, please refer to Attorney General Opinion Number 94-530 which is attached. In that opinion, our office opined that the Lafourche Council on Aging may implement a policy allowing one employee to donate leave to another employee who has exhausted his or her sick and annual leave. In order to donate leave, the provisions of the Civil Code pertaining to donations must be followed.
As discussed in Opinion No. 94-530, employees have a property interest in their accrued leave. When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is a vested right in the employee to the promised benefit. Knecht v. Board of Trustees forState Colleges and Universities, 591 So.2d 690 (La. 1991) citingT.L. James Co. v. Montgomery, 332 So.2d 834 (La. 1976). The opinion concluded that a donation of leave from one employee to another is not contrary to law or morals and therefore, it is permissible for the council to implement a leave sharing program.
In Attorney General Opinion No. 94-509, our office concluded that sick leave is a personal benefit which may be transferred by a member of a teaching staff to another employee if the rules of the parish school board do not prohibit the donation. The opinion discussed that because state law does not prohibit the transfer of this vested personal benefit, our office is of the opinion that a parish school board in its discretion may adopt rules or regulations to permit a teacher to give some or all of his accrued sick leave days to another school board employee.
A review of state law also appears not to prohibit the donation of sick or annual leave from a teaching, professional or administrative unclassified employee of a college or university to another employee. Although such a transfer or donation is not prohibited by law it does not mean that it will be allowed unless there are Bylaws and Regulations to that effect.
A review of the Bylaws and Regulations at Southern University does not indicate that a donation of sick or annual leave from one employee to another is permissible. The following is stated in 3-2B concerning annual leave and 3-3(B) concerning sick leave:
 3-2 B. Annual leave shall be earned by full-time and part-time academic staff members and by unclassified employees who are on fiscal year appointments. The accumulation of annual leave days shall be in accordance with regulations or policies approved by the Board and appropriate state statutes. The President shall issue a memorandum setting forth these provisions.
 3-3 B. Sick leave shall be granted each regular employee in accordance with policies approved by the Board, relevant State statutes or Civil Service regulations, whichever are applicable. Such regulations and policies shall be issued by memorandum from the President.
Therefore, it is permissible under state law for a teaching, professional, or administrative unclassified employee, to transfer sick and/or annual leave to another employee by donation in accordance with the Civil Code of Louisiana, provided such donation is allowed in the Bylaws and Regulations at Southern University.
In answer to your second question, the donation of leave, sick and/or annual, is not contingent upon illness, emergency, or planned vacation by the donor or donee.
In response to your third question, a retired university employee can transfer by donation any unused sick and/or annual leave that is not used in the calculation of his retirement benefits to a current employee provided the University has a policy in effect at that time that allows for such a donation.
In answer to your fourth question, it is mandatory that a policy be issued prior to a donation being executed. As stated in LSA-R.S. 17:2149A(6) pertaining to sick leave for 12-month employees and LSA-R.S. 17:3312A(6) for academic personnel, upon separation caused by disability, death or retirement, all advanced sick leave shall be cancelled.
In response to your fifth question, since it is mandatory that a policy be issued prior to a donation being executed, it is also mandatory that a policy be issued prior to a donation being implemented.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc